Order, Supreme Court, New York County (Judith J. Gische, J.), entered September 6, 2012, which, insofar as appealed from, denied plaintiff’s motion for summary judgment on its claim against defendant Potoschnig for late fees, interest, and attorneys’ fees, unanimously reversed, on the law, with costs, the motion granted, and the matter remanded for the appointment of a referee to compute the amount of unpaid common charges and assessments, late fees, and interest due to plaintiff from Potoschnig, and to determine the amount of plaintiffs reasonable attorneys’ fees.
Plaintiffs entitlement to unpaid common charges brings with it a right to late fees, interest, and attorneys’ fees, all of which are provided for in the condominium bylaws. Defendant has not raised an inference that the late fees and interest, which, in accordance with the bylaws, were imposed only upon default, were usurious (see Miller Planning Corp. v Wells, 253 AD2d 859, 860 [2d Dept 1998]). Defendant’s challenges to the amounts due may be addressed by a referee, pursuant to RPAPL 1321 (see 1855 E. Tremont Corp. v Collado Holdings LLC, 102 AD3d 567 [1st Dept 2013]). The referee should also determine the amount of plaintiffs reasonable attorneys’ fees (see CPLR 4311).
We do not address the applicability of RPAPL 1303 and 1320 since plaintiff is not seeking foreclosure relief by this appeal. Concur — Friedman, J.E, Renwick, Freedman and Feinman, JJ. [Prior Case History: 2012 NY Slip Op 32314(U).]